Keith C. Owens (CA State Bar No. 184841)
**VENABLE LLP**
2049 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: 310.229.9900
Facsimile: 310.229.9901
Email: *kcowens@venable.com*

C. Luckey McDowell (TX State Bar No. 24034565) (admitted *pro hac vice*)
**BAKER BOTTS L.L.P.**
2001 Ross Avenue
Dallas, Texas 75201-2980
Telephone: 214.953.6500
Facsimile: 214.661.6503
Email: *luckey.mcdowell@bakerbotts.com*

**ATTORNEYS FOR APPELLEE YA GLOBAL INVESTMENTS, L.P.,**

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### SANTA ANA DIVISION

| | |
|---|---|
| **In re:**<br>**COBALIS CORP.**<br><br>**Don Logan**<br>　　Appellant,<br>　　v.<br>**YA Global Investments, L.P., et al.**<br>　　Appellee. | **District Court**<br>**Case No. SACV11-1150-JST**<br><br>**Bankruptcy Court**<br>**Case No. 8:07-bk-12347-TA**<br><br>**UNILATERAL STATUS REPORT** |

　　On December 19, 2011, the Court ordered the parties to this appeal to submit a joint status report, no longer than seven pages, by January 9, 2012. On January 2, 2012, Mr. Logan initiated contact with counsel for YA Global regarding the joint status report. After an exchange of emails, Mr. Logan agreed to provide YA Global with his portion by noon central time on January 9, 2012 for electronic filing and service of a required chamber copy. As of the time of this filing, Mr. Logan has not provided his portion of the joint status report, and YA Global therefore files the following as its unilateral status report.

DAL02:596442

### YA Global's Factual And Legal Summary

This is an appeal of supplemental findings of fact and conclusions of law regarding Don Logan's motion to hold counsel for YA Global Investments, L.P. in contempt of court ("YA Global").

Mr. Logan[1] filed this appeal outside of the 14-day period and therefore this Court lacks subject matter jurisdiction. In addition, Mr. Logan has generally failed to undertake the required steps to prosecute the matter; he has not stated the issue on appeal, has not designated the record, and did not file a notice regarding transcripts until October 2011. In the absence of these most basic steps, the applicable rules have not required YA Global to take any action in this appeal.[2]

### Procedural Overview of Dispute

This dispute began in January 2011 when a profane website created by Mr. Logan attacked YA Global using confidential materials obtained through discovery in the bankruptcy of Cobalis Corporation ("Cobalis"). After the Bankruptcy Court compelled Mr. Logan's attendance at a hearing through an order to show cause, the Bankruptcy Court entered a protective order restricting Mr. Logan's use of materials obtained through discovery in Cobalis' bankruptcy case.

On April 27, 2011, Mr. Logan made his first public[3] criminal allegations against counsel for YA Global, alleging that counsel had committed perjury.[4] The Bankruptcy Court denied Mr. Logan's perjury motion *sua sponte* on May 6, 2011.[5] Concerned that the Bankruptcy Court's denial of Mr. Logan's motion without specific findings that no misrepresentations were made would embolden Mr. Logan to take this dispute elsewhere, YA Global moved for supplemental findings of fact and conclusions of law.[6] The Bankruptcy Court granted

---

[1] Mr. Logan—the appellant in this case—is a pro se party who has at various times claimed and disclaimed representation by various counsel. To the best of YA Global's knowledge, Mr. Logan appears pro se in this appeal.
[2] *See* Fed. R. Bankr. P. 8006 (tying an appellee's deadline to designate items on appeal to the date of service of the appellant's designation of the record).
[3] Counsel for YA Global has received emails threatening criminal prosecution for a laundry list of perceived wrongs from Mr. Logan on a near-daily basis since early April 2011.
[4] Adv. Dkt. 121.
[5] Adv. Dkt. 125.
[6] Adv. Dkt. 128.

1  YA Global's motion, and issued supplemental findings and conclusions on July 12, 2011.[7]
2  Mr. Logan[8] filed his notice of appeal of the findings and conclusions fifteen days later on July
3  27, 2011 (a Wednesday).[9]

4  Mr. Logan failed to file this appeal in the fourteen-day window provided for in Fed. R.
5  Bankr. P. 8003.  Mr. Logan's failure to do so is a jurisdictional defect barring appellate review.
6  Fed. R. Bank. P. 8003; *Wiersma v. Bank of the West (In re Wiersma)*, 483 F.3d 933, 938 (9th Cir.
7  2007); *Greene v. United States (In re Souza)*, 795 F.2d 855, 857 (9th Cir. 1986); *see also*
8  *Dahnken's of Santa Barbara, Inc. v. Marsh Indus. (In re Dahnken's of Sanata Barbara, Inc.)*, 11
9  B.R. 536, 538 (B.A.P. 9th Cir. 1981) (holding that a notice of appeal is complete upon filing, not
10 upon mailing).  Accordingly, YA Global submits that this appeal must be dismissed for lack of
11 jurisdiction.

12 Even if Mr. Logan had timely filed his appeal, his arguments would fail on the merits.
13 Having overseen the case since August 2007, the Bankruptcy Court was intimately familiar with
14 the facts of the case, the parties involved, and their respective counsel.  Had there been any merit
15 to Mr. Logan's accusations of perjury by counsel, the Bankruptcy Court would have taken
16 prompt and severe action.  The Bankruptcy Court properly rejected Mr. Logan's arguments as
17 provided in its order and supplemental findings.

18 **Appeal as-of-right**

19 YA Global concedes that a *timely* appeal may have been filed as-of-right.  However, as
20 explained above, the failure to file the notice of appeal within the Rule 8003 period operates as a
21 jurisdictional bar to appellate review.

---

[7] Adv. Dkt. 162.
[8] Although Mr. Logan appears in this appeal pro so, Mr. Logan's notice of appeal was filed electronically by attorney John Saba.  Mr. Saba represents Mr. Logan in Mr. Logan's personal bankruptcy case, which was filed on December 5, 2011.
[9] Adv. Dkt. 170.

DAL02:596442

**Related Appeals**

This appeal is related to four appeals filed by Rey Olsen and to the four appeals filed by Cobalis. Each of Cobalis' appeals was dismissed pursuant to stipulations between YA Global and Cobalis' chapter 7 trustee.

**Proposed Briefing Schedule**

Given the procedural deficiencies that Mr. Logan has caused, YA Global does not believe that a formal briefing schedule should be set at this time. Rather, YA Global proposes that the Court dismiss the appeal *sua sponte* on account of Mr. Logan's appellate defects. Alternatively, YA Global submits that any briefing schedule require Mr. Logan to promptly cure the defects in his appeal before YA Global is required to incur additional fees in the defense of the appeal.

DAL02:596442

**Certificate of Service**

I hereby certify that on January 9, 2012, a true and correct copy of the foregoing was served via regular United States mail on the following:

D.R. Logan I.C.O. Squitieri & Fearon, LLP Attorneys at Law
32 East 57th Street, 12th Floor
New York, NY 10022

/s/ C. Luckey McDowell
C. Luckey McDowell
**BAKER BOTTS L.L.P.**
2001 Ross Avenue
Dallas, Texas  75201-2980

DAL02:596442